**DENIED and Opinion Filed May 6, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00448-CV
### No. 05-19-00449-CV

### IN RE TIMOTHY A. FOLEY, Relator

**Original Proceeding from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause Nos. F10-52915-Y & F11-00194-Y**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Myers

In each of these original proceedings, relator has filed an identical petition for writ of mandamus. In his petitions, relator contends the trial court has not ruled on his (1) motion to obtain an entire copy of trial counsel's defense file, (2) application for subpoena duces tecum directed at trial counsel to turn over the file, (3) motion for an indigent copy of the clerk's and reporter's record, and (4) motion to compel trial counsel to relinquish relator's entire defense file. Relator contends the first three documents were filed on March 15, 2019, and the fourth was filed on April 8, 2019. Relator filed his petitions for writ of mandamus on April 18, 2019. Relator contends the trial court granted a similar motion and subpoena request for his appellate counsel's file and he has received a copy of that file. We deny the petitions.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel.*

*Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus records do not include certified or sworn copies of the motions and subpoena request nor do they include certified or sworn copies of the trial court's docket sheets or other proof that establishes relator filed the motions, requested a hearing and/or ruling on the motions, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). The records are insufficient to establish that the motions and subpoena request were properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. Further, the trial court has not been given a reasonable time in which to rule. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petitions for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Lana Myers/
LANA MYERS
JUSTICE

190448F.P05

–2–